## BOLTON *v.* CHOPE.

EQUITY PRACTICE—FINDINGS—EVIDENCE.

A finding of fact in a chancery case may properly be based on any evidence which has a legitimate tendency to establish it, although not offered for that specific purpose.

Appeal from Wayne; Daboll, J., presiding. Submitted November 22, 1898. Decided December 13, 1898.

Bill by Frederick H. Bolton against Robert L. Chope for specific performance of contract and for an accounting. From a decree dismissing complainant's bill, and granting affirmative relief to defendant upon his answer in the nature of a cross-bill, complainant appeals. Affirmed.

*George W. Radford*, for complainant.

*Alfred Lucking*, for defendant.

MOORE, J. Complainant filed a bill in this case asking for an accounting and for specific performance. Defendant answered complainant's bill, denying the allegations therein contained, and asked that his answer be treated

119 MICH.—3.

as a cross-bill, and prayed for affirmative relief.    The circuit judge dismissed the bill of complaint, and granted the relief prayed for in the cross-bill.    From this decree, complainant has appealed.

In November, 1891, the complainant and one Alvord formed a partnership, under the firm name of Alvord & Co., for the purpose of buying, selling, and manufacturing office supplies.    This partnership was to continue five years.    After the expiration of the five years, the firm continued to do business, though the articles of partnership were not renewed.    In 1894, the defendant, who was the owner and inventor of machines for making coin cases, was engaged in business under the name of the Bankers' Coin Case Company.    In May, 1894, an arrangement was made by which Chope sold to Alvord & Bolton the business of the Bankers' Coin Case Company, its plant, stock, and good will, and all inventions and patents owned by it, for $10,000; $500 to be paid upon the making of the contract, and $200 or more each month thereafter, with interest, until all was paid.    The payments were made until January, 1897, when $6,700 had been paid upon the contract.    At this time, Alvord had furnished $755, and the balance had nearly all been paid out of the business.    The active partner was Mr. Bolton. Mr. Alvord was a photographer, and did not spend much time with the business, but he made no charge for his services, while Mr. Bolton drew out of the concern, first, his expenses, and then $50 a month.    The articles of partnership treated the members of the firm as equal partners, and the record discloses they so treated each other.    In January, 1897, Mr. Chope bought Mr. Alvord's interest in the business, for which he paid $2,500.    At the same time, the following writing was executed:

"DETROIT, MICH., Jan'y 22, 1897.
"For a valuable consideration, and under mutual agreement between the parties to the foregoing contract, we hereby release Charles E. Alvord from the terms and obligations of the foregoing contract; and I, Frederick

H. Bolton, hereby agree to carry out and assume the obligations of said contract, and to receive a one-half interest in said contract for my interest therein, and all rights, patents, and claims covered thereby, when said contract is fully completed; and I, Robert L. Chope, hereby agree that said Frederick H. Bolton shall so assume said contract, and said Alvord be released as above stated.

[Signed]          "FREDERICK H. BOLTON.
"ROBERT L. CHOPE.
"CHARLES E. ALVORD."

After this paper was executed, Mr. Bolton continued to manage the business, and made payments upon the contract, until all but $700 of the principal was paid. He then tendered to Mr. Chope the $700 and interest, and demanded from him a receipt in full of the balance due on the contract made by him with Alvord & Bolton, and a conveyance to Bolton of the entire business, plant, stock, and patents. Mr. Chope, claiming to own a half interest therein, offered to convey one-half interest, but declined to convey the whole interest. The complainant then filed this bill, bringing into court $701.75 for Mr. Chope; and, after a full hearing in open court, the circuit judge decreed as follows:

1. Complainant's bill was dismissed, with costs.

2. Awarded to Chope the $701.75 paid into court, and $12.25, interest on same, which was made a lien on complainant's interest.

3. Decreed Chope to be the owner of an equal undivided half of the contract property, and Bolton the owner of the other half.

4. Decreed that a physical division of the property cannot be had.

5. Appointed complainant and defendant joint receivers of the property, and directed a sale thereof to the highest bidder for cash, after 20 days' notice.

The questions involved are purely questions of fact. A careful reading of the entire record and briefs of counsel shows an utter failure on the part of the complainant to establish a case for relief. It discloses that he understood fully the arrangement of January 22, 1897, when it was

made, and desired to make it. It is urged that, as no proof was offered that a physical division of the property cannot be had, the decree in that respect was wrong. It is true, no testimony was offered for that specific purpose, but the record is full of proof tending to establish that fact. A discussion of these questions of fact would not profit any one.

The decree is affirmed, with costs.

The other Justices concurred.